# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gary Pearlmutter,<br><br>    Plaintiff,<br><br>v.<br><br>Arthur Babbott,<br><br>    Defendant. | No. CV-20-08342-PCT-GMS<br><br>**ORDER SETTING RULE 16 CASE MANAGEMENT CONFERENCE** |

Pursuant to Rule 16 of the Federal Rules of Civil Procedure, a Telephonic Case Management Conference is set for **April 30, 2021 at 10:30 a.m.** Plaintiffs' counsel shall set up a call-in number and include the information in the joint report due a week before the scheduling conference. In preparation for this Case Management Conference,

**IT IS HEREBY ORDERED** as follows:

A.    <u>Initial Disclosures</u>.

The parties shall provide initial disclosures in the form and on the schedule required by Federal Rule of Civil Procedure 26(a)(1). This means that the disclosure statements **must be exchanged at least one-week prior** to the Rule 16 Scheduling Conference. The parties shall file with the Clerk of Court a Notice of Initial Disclosure; copies of the actual disclosures need not be filed.

B.     Relevant Considerations.

The parties should be familiar with amendments to the Federal Rules of Civil Procedure that went into effect on December 1, 2015, and with the advisory committee notes to those amendments. The parties should be aware that the Rule 26(b)(1) scope of discovery has been changed, that proportionality is now part of the scope of discovery, and that the "reasonably calculated to lead" language has been deleted from the rule. The intent of these changes is not to deprive parties of evidence reasonably needed to prove their claims or defenses, but instead to ensure that discovery is relevant and proportional to the needs of the case.

C.     Rule 26(f) Meeting and Case Management Report.

The parties are directed to meet and confer at least 21 days before the Case Management Conference as required by Federal Rule of Civil Procedure 26(f)(1). At this meeting the parties shall develop a joint Case Management Report which contains the following information in separately numbered paragraphs:

1.     The parties who attended the Rule 26(f) meeting and assisted in developing the Case Management Report and the date of the meeting;

2.     A list of the parties in the case, including any parent corporations or entities (for recusal purposes);

3.     A short statement of the nature of the case (**3 pages or less**), including a description of each claim and defense;

4.     The jurisdictional basis for the case, describing the basis for the jurisdiction (see the accompanying footnote) and citing specific jurisdictional statutes;[1]

---

[1] If jurisdiction is based on diversity of citizenship, the report shall include a statement of the citizenship of every party and a description of the amount in dispute. *See* 28 U.S.C. §1332. The parties are reminded that (1) a corporation is a citizen of the state where it is incorporated and the state of its principal place of business and (2) partnerships and limited liability companies are citizens of every state in which one of their members or partners resides. *See* 28 U.S.C. §1332(c); *Indus. Tectonics v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990); *Belleville Catering Co. v. Champaign Market Place, L.L.C.*, 350 F.3d 691, 692 (7th Cir. 2003). The parties are further reminded that the Federal Rules of Civil Procedure do not provide for the use of fictitious parties and that the naming of a "John Doe" or "ABC Corporation" party "casts no magical spell on a complaint otherwise lacking in diversity

5. Any parties which have not been served and an explanation of why they have not been served; and any parties which have been served but have not answered or otherwise appeared;

6. A statement of whether any party expects to add additional parties to the case or otherwise to amend or supplement pleadings (the Court will set a deadline of not later than 60 days after the Case Management Conference to join parties and amend or supplement pleadings);

7. A listing of contemplated motions and a statement of the issues to be decided by these motions (including motions under Federal Rules of Evidence 702, 703, 704, and 705) and whether a party wishes to file a case dispositive motion prior to the initiation of discovery;

8. Whether the case is suitable for reference to a United States Magistrate Judge for a settlement conference or trial;

9. The status of related cases pending before other courts or other judges of this Court;

10. A statement of when the parties exchanged Federal Rule of Civil Procedure 26(a) initial disclosures. The Court expects that consistent with the Rules, initial disclosures will have been exchanged at least seven (7) days prior to the Rule 16 Pretrial Management Conference, if not earlier. *See, e.g.,* Rule 26(a)(1)(C). A review of the disclosure statements and materials provided therewith may assist in making the Rule 16 conference more productive. If the parties have not exchanged initial disclosures prior to the Rule 16 conference, they should be prepared to explain to the Court why the mutual exchange has not occurred;

11. Further, pursuant to Rule 26(d)(2), the parties may serve requests under Rule 34 any time 21 days after the parties have been served. The parties are encouraged to have exchanged and received initial Rule 34 requests prior to the Rule 16 Scheduling Conference.

---

jurisdiction." *Fifty Assocs. v. Prudential Ins. Co. of Am.*, 446 F.2d 1187, 1191 (9th Cir. 1970) (citations omitted).

12. A discussion of any issues relating to disclosure or discovery of electronically stored information, including the form or forms in which it should be produced (*see* Rules 16(b)(5), 26(f)(3));

13. A discussion of any issues relating to claims of privilege or work product (*see* Rules 16(b)(6), 26(f)(4));

14. A discussion of whether an order under Federal Rule of Evidence 502(d) is warranted in this case;

15. A discussion of necessary discovery. This discussion should take into account the December 1, 2015 amendments to Rule 26(b)(1), and should include:

    a. The extent, nature, and location of discovery anticipated by the parties;

    b. Suggested changes, if any, to the discovery limitations imposed by the Federal Rules of Civil Procedure and Local Rule of Civil Procedure 16.2;

    c. The number of hours permitted for each deposition, unless extended by agreement of the parties.

16. Proposed specific dates for each of the following (**deadlines should fall on a Friday unless impracticable**):

    a. A deadline for the completion of fact discovery;[2]

    b. Dates for full and complete expert disclosures under Federal Rule of Civil Procedure 26(a)(2)(A)-(C);

    c. A deadline for completion of all expert depositions;

    d. A deadline for filing dispositive motions;

    e. A date by which the parties shall have engaged in good faith settlement talks.

---

[2] The discovery deadline is the date by which all discovery must be completed. Discovery requests must be served and depositions noticed sufficiently in advance of this date to ensure reasonable completion by this deadline, including time to resolve discovery disputes. Absent extraordinary circumstances, the Court will not entertain discovery disputes after this deadline.

      f.      Date by which initial written discovery requests and initial deposition notices pursuant to Rules 33 and 34 shall be served.

      g.      A date by which initial discovery requests pursuant to Rule 30 or 31 shall be noticed.

      h.      A date by which any Rule 35 examination will be noticed if such an examination is required by any issues in the case.

In proposing such deadlines, the parties should keep in mind that civil trials should occur within eighteen (18) months of the filing of the complaint. 28 U.S.C. Sec. 473(a)(2)(B) (2006). The Case Management Order will specify trial scheduling up to the final pretrial conference. The Court anticipates setting trial shortly after the final pretrial conference. **Thus, once the dates have been set in the Case Management Order the Court will not vary them in the absence of good cause, even should the parties stipulate to do so. The Court does not consider settlement talks or the scheduling of mediations to constitute good cause for an extension**. Parties need not file requests for extensions on dates by which the parties will initially serve written discovery requests and notices of depositions, so long as they are within the other discovery deadlines in this case. Nevertheless, should the parties seek an extension of other discovery deadlines, the Court shall consider compliance with these deadlines to determine whether the parties have been diligent in discovery pursuant to *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992).

17. Whether a jury trial has been requested and whether the request for a jury trial is contested (if the request is contested, briefly set forth the reasons);

18. The estimated length of trial and any suggestions for shortening the trial;

19. The prospects for settlement, including any request of the Court for assistance in settlement efforts; and

20. Any other matters that will aid the Court and parties in resolving this case in a just, speedy, and inexpensive manner as required by Federal Rule of Civil Procedure 1. The parties shall jointly file the Case Management Report with the Clerk **not less than**

**seven (7) days** before the Case Management Conference. It is the responsibility of Plaintiff(s) to initiate the Rule 26(f) meeting and preparation of the joint Case Management Report. Defendant(s) shall promptly and cooperatively participate in the Rule 26(f) meeting and assist in preparation of the Case Management Report.

D.  Case Management Conference and Order.

The Court directs counsel to Federal Rule of Civil Procedure 16 for the objectives of the Case Management Conference. Counsel who will be responsible for trial of the lawsuit for each party shall appear and participate in the Case Management Conference and shall have authority to enter into stipulations regarding all matters that may be discussed. A continuance of the Case Management Conference will be granted only for good cause and will not be granted beyond the time limit set forth in Federal Rule of Civil Procedure 16(b).

During or after the Case Management Conference the Court will enter a Case Management Order. The form of the Court's standard Case Management Order can be found on the Court's website at www.azd.uscourts.gov under Judges and Courtrooms and Orders, Forms and Procedures. The Court fully intends to enforce the deadlines in the Case Management Order. The parties should plan their litigation activities accordingly.

E.  Other Matters.

Counsel for all parties are expected to comply fully with the Federal and Local Rules of Civil Procedure and to minimize the expense of discovery. Counsel should ensure that all pleadings comply with Local Rules of Civil Procedure 7.1 and 7.2.

/ / /
/ / /
/ / /
/ / /

The Clerk of the Court shall send copies of this Order to all counsel of record and to any parties appearing in propria persona.

Dated this 5th day of March, 2021.

_G. Murray Snow_
G. Murray Snow
Chief United States District Judge